FILED
2012 Oct-22  PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **JAMES B. HELMER, JR.,;** | ) |
| **HELMER MARTINS RICE &** | ) |
| **POPHAM CO., L.P.A.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Case No.: 2:12-CV-1635-VEH** |
| **v.** | ) |
| | ) |
| **SCOTT POGUE,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiffs James B. Helmer, Jr. ("Mr. Helmer") and Helmer Martins Rice &
Popham Co., L.P.A. ("HMRP") (collectively, the "Helmer Parties") initiated this
abuse of process and malicious prosecution lawsuit against Defendant Scott Pogue
("Mr. Pogue") on April 20, 2012.  (Doc. 1 at 1; *id.* ¶¶ 76-80 (setting forth the Helmer
Parties' two counts against Mr. Pogue)).  The claims asserted by the Helmer Parties
in this court relate to two preexisting proceedings:  (1) the Helmer Parties' prior
representation of Mr. Pogue in a *qui tam* action (the "*Qui Tam* Action") in 1994; and
(2) Mr. Pogue's subsequent legal malpractice suit relating to the Helmer Parties'
representation of him in the *Qui Tam* Action filed as an adversary proceeding in Mr.

Pogue's bankruptcy case in 2008.

Pending before the court is Mr. Pogue's Motion for Judgment on the Pleadings Or, in the Alternative, for Summary Judgment and Supporting Brief (Doc. 15) (the "Motion") filed on August 20, 2012.  Mr. Pogue provided his supporting evidence on this same date.  (Doc. 14).

The Helmer Parties filed their opposing materials on September 10, 2012 (Docs. 15-21), and on September 18, 2012.  (Doc. 22).  Mr. Pogue followed with his reply on  September 24, 2012.  (Doc. 23).  Accordingly, the Motion is now under submission, and for the reasons explained below is due to be granted in part on jurisdictional grounds only and otherwise termed as moot.

## II.    STANDARDS

### A.    Rule 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure provides:

> After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.

Fed. R. Civ. P. 12(c).

Relatedly, "[i]f on a motion under . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion <u>must</u> be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d) (emphasis added).  Here,

2

both sides have presented to the court information arising outside of the parties' pleadings. Accordingly, the court considers the Motion under the summary judgment standard set forth below.

### B.     Rule 56

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)).

## III.   STATEMENT OF FACTS[1]

Mr. Pogue (*i.e.*, the named defendant in this federal lawsuit) was the sole relator in the *Qui Tam* Action that was filed in 1994 and was identified above in the introductory section.  AF No. 1.[2]  The Helmer Parties (*i.e.*, the named plaintiffs in this case) became involved as co-counsel for Mr. Pogue in the *Qui Tam* Action.  AF No. 2.

On February 27, 2007, Mr. Pogue (as an individual)[3] filed a petition for relief under Chapter 11 (the "Chapter 11 Petition") of the United States Bankruptcy Code in the Bankruptcy Court of the Northern District of Alabama, Southern Division (the

---

[1]  Keeping in mind that when deciding a motion for summary judgment the court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion, the court provides the following statement of facts. *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (observing that, in connection with summary judgment, a court must review all facts and inferences in a light most favorable to the non-moving party). This statement does not represent actual findings of fact.  *See In re Celotex Corp.*, 487 F.3d 1320, 1328 (11th Cir. 2007).  Instead, the court has provided this statement simply to place the court's legal analysis in the context of this particular case or controversy.

[2]  "AF" stands for admitted fact.  These admitted facts are taken from Mr. Pogue's narrative summary of undisputed facts contained in its brief (Doc. 15 ¶¶ 1-2, 30, 34, 37-38, 41-43, 52-56, 58-59) and the Helmer Parties' response.  (Doc. 16 at 3-5).  While the parties reference many other facts in their briefs, those have not been included in this background section, as they are immaterial to the court's jurisdictional ruling on summary judgment.

[3]  (*See* Doc. 14 at Ex. 1 at 1 (indicating individual as type of debtor)).

4

"Bankruptcy Court").  AF No. 30.  On January 22, 2008, Mr. Pogue, as the debtor-in-possession, commenced an adversary proceeding in the Bankruptcy Court against the Helmer Parties (the "Helmer Parties AP") (Case No. 08-0023), relating to their representation of him in the *Qui Tam* Action and asserting numerous claims for relief, including legal malpractice.  AF No. 34.

The Helmer Parties sought to dismiss the Helmer Parties AP, which motion the Bankruptcy Court denied.  AF Nos. 37, 38.  Subsequently, the Helmer Parties filed a counterclaim on April 30, 2008, in which they alleged abuse of process and made other claims.  AF No. 38.

On January 23, 2009, Mr. Pogue filed his First Amended Plan of Reorganization (the "Plan").  AF No. 41.  The Helmer Parties accepted and consented to the Plan.  AF No. 42.  On March 5, 2009, the Bankruptcy Court entered an Order on Confirmation of the Debtor's First Amended Plan of Reorganization (the "Confirmation Order").  AF No. 43.

The Helmer Parties AP proceeded through discovery and extensive pretrial proceedings, including motions for summary judgment, which the Bankruptcy Court denied.  AF No. 52.  A trial of the Helmer Parties AP took place over three days in December of 2009.  AF No. 53.  At the close of Mr. Pogue's case, the Helmer Parties filed a motion for a judgment as a matter of law, but the Bankruptcy Court deferred

ruling on it.  AF No. 54.

On March 21, 2012, the Bankruptcy Court entered an order disallowing a claim for attorney's fees (the "Claim #9") made by HMRP, finding that the Helmer Parties had already been paid the reasonable value of their legal services via an earlier settlement with the defendants in the *Qui Tam* Action.  AF No. 55.  On this same date, the Bankruptcy Court also abstained from all issues raised in the Helmer Parties AP, other than the disposition of Claim #9.  AF No. 56.

The Helmer Parties appealed the disallowance of HMRP's Claim #9, but did not appeal the abstention ruling as to the other claims.  AF No. 58.  The Helmer Parties filed this federal lawsuit against Mr. Pogue without obtaining prior permission from the Bankruptcy Court.  AF No. 59.

## IV.   ANALYSIS

### A.   Subject Matter Jurisdiction

Mr. Pogue initially asserts that this court lacks subject matter jurisdiction to hear the Helmer Parties' claims pursuant to the so-called *Barton* doctrine.  *See Barton v. Barbour*, 104 U.S. 126, 128, 26 L. Ed. 672 (1881) ("It is a general rule that before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained.").  As Mr. Pogue more specifically maintains, because the Helmer Parties did not obtain permission from the bankruptcy court to sue him for abuse of

process and malicious prosecution, the court must dismiss their lawsuit for lack of

subject matter jurisdiction.

### 1.   *Barton* Within The Eleventh Circuit

The Eleventh Circuit has apparently only written about the *Barton* doctrine

three times, and has only published two of those opinions.[4]  The Eleventh Circuit first

addressed the issue in *Carter v. Rodgers*, 220 F.3d 1249 (11th Cir. 2000):

> This case presents an issue of first impression in this circuit regarding whether a debtor first must obtain leave from the bankruptcy court before it can initiate an action in the district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity.  Joining the other circuits that have considered this issue, we hold that a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity.

> "An unbroken line of cases ... has imposed [this] requirement as a matter of federal common law." *Linton*, 136 F.3d at 545.  In so holding, these circuit courts have applied the rule referred to as the "*Barton* doctrine." *See id.*  The Supreme Court in *Barton v. Barbour*, 104 U.S. 126, 127, 26 L. Ed. 672 (1881), stated that "[i]t is a general rule that before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." *Barton* involved a receiver

---

[4]  The unpublished decision by the Eleventh Circuit that deals with *Barton* is *Patco Energy Express, LLC v. Lambros*, 353 Fed. App'x 379 (11th Cir. 2009).  *Patco* involves *Barton* in the context of a § 1983 action against a state court-appointed receiver.  353 Fed. App'x at 380.  Due to *Patco*'s non-binding and factually distinct nature, the court limits its analysis to the Eleventh Circuit's published authorities applying *Barton*.

in state court, but the circuit courts have extended the *Barton* doctrine to lawsuits against a bankruptcy trustee.  In *Linton*, the Seventh Circuit explained the reasons behind its application of the *Barton* doctrine to a bankruptcy trustee, as follows:  "The trustee in bankruptcy is a statutory successor to the equity receiver, and ... [j]ust like an equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code." 136 F.3d at 545.

*Carter*, 220 F.3d at 1252 (footnote and citations omitted) (emphasis added).

After embracing the *Barton* doctrine, including its subsequent extension to bankruptcy trustees as a matter of federal common law, the Eleventh Circuit then determined that the rule properly applied to the plaintiff-debtor's case before it and further found that it saw no basis for drawing a distinction between those suits originating in state versus federal court:

> Plaintiff's suit is a run-of-the-mill *Barton* case.  Carter sued Defendants in district court for breaches of fiduciary duties stemming from their official bankruptcy duties.  He needed leave of the bankruptcy court, and absent that leave, the district court correctly found that it did not have subject matter jurisdiction over his cause of action.

*B.  Federal vs. State Causes of Action*

Carter argues that the *Barton* doctrine requires parties to obtain leave of the bankruptcy court only when they wish to pursue a state court remedy.  We disagree, and hold that when leave is required, it is required before pursuing remedies in either state or other federal courts. We find no reason to distinguish between instances where the trustee is sued in state court and those in which the trustee is sued in federal court. *See Kashani v. Fulton* (*In re Kashani*), 190 B.R. 875, 885 (9th Cir. BAP 1995) ("[L]eave to sue the trustee is required to sue in those federal

courts other than the bankruptcy court which actually approves the trustee's appointment."); *In re Krikava*, 217 B.R. 275, 279 (Bankr. D. Neb. 1998) ("Consent of the appointing bankruptcy court is required even when the plaintiff seeks to sue in another federal court.").

*Carter*, 220 F.3d at 1253 (emphasis added).

The Eleventh Circuit also found to be without merit the plaintiff-debtor's suggestion that, because his claims failed to meet the "related to" bankruptcy requirement, he was not obligated "to obtain leave of the bankruptcy court before bringing his suit in district court." *Carter*, 220 F.3d at 1253. As the court clarified:

> While Carter's action against Defendants arose after the date of the bankruptcy petition, his suit turns solely on allegations of wrongdoing in the sale of property belonging to the bankruptcy estate. Any recovery would reduce the administrative expenses of the sale of the estate property and would perforce increase the amount of estate property available to satisfy creditors' claims. *See* 11 U.S.C. § 541(a)(7); *see, e.g., McGuirl v. White*, 86 F.3d 1232 (D.C. Cir.1996). Thus, the outcome of this case will impact Carter's bankruptcy estate.

*Carter*, 220 F.3d at 1253-54 (footnote omitted).

Finally, the Eleventh Circuit articulated why the statutory exception to the *Barton* doctrine was inapplicable in *Carter*.

> Section 959 provides for a limited exception to the *Barton* doctrine, permitting suits against "[t]rustees, receivers or managers of any property ... without leave of the court appointing them, with respect to any of their acts or transactions in carrying on the business connected with such property." 28 U.S.C. § 959(a). However, we note that the "carrying on business" exception in section 959 is limited and not applicable here.

9

The "carrying on business" exception in section 959(a) is intended to "permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store." *Lehal Realty Assocs.*, 101 F.3d at 276. Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate. *See id.* ("[Section] 959 does not apply where, as here, a trustee ... perform [s] administrative tasks necessarily incident to the consolidation, preservation, and liquidation of assets in the debtor's estate."); *DeLorean Motor Co.*, 991 F.2d at 1241 ("Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted.") (citations omitted).

Carter's action against the Defendants was for breach of fiduciary duty and involves the Defendants' duties as they relate to the administration and liquidation of his estate. <u>Because the alleged breaches attributed to Defendants are not premised on an act or transaction of a fiduciary in carrying out Carter's business operations, section 959(a) is not applicable</u>.

*Carter*, 220 F.3d at 1254 (emphasis added).

In a debtor's lawsuit challenging various actions of a trustee and a group of creditors as an attempt "to gain a litigation advantage[,]" *Lawrence v. Goldberg*, 573 F.3d 1265, 1268 (11th Cir. 2009), the Eleventh Circuit further explained the contours of the *Barton* doctrine:

The district court dismissed Lawrence's complaint on the basis of the *Barton* doctrine. In *Barton*, a court in equity had appointed a receiver "of all the property, rights, and franchises" of a railroad company. *Barton*, 104 U.S. at 126-27. While the receiver was operating the railroad, one of the company's train cars derailed, and a passenger

sustained personal injuries. *Id.* at 127.  The injured passenger attempted to sue the receiver without obtaining the leave of the court that had appointed the receiver.  *Id.*  The Supreme Court reasoned that allowing the plaintiff's action to proceed without leave of the appointing court would have been "an usurpation of the powers and duties which belonged exclusively to [the appointing] court."  *Id.* at 136.  Therefore, the Supreme Court held that a court does not have "jurisdiction, without leave of the court by which the receiver was appointed, to entertain a suit against him for a cause of action ... based on his negligence or that of his servants in the performance of their duty in respect of [the property administered by the receiver]." *Id.* at 137.

In 2000, we held-in our only published case interpreting the *Barton* doctrine-that, as a matter of federal common law, "a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." *Carter*, 220 F.3d at 1252. We also held that the *Barton* doctrine applies to actions against officers approved by the bankruptcy court when those officers function "as the equivalent of court appointed officers." *Id.* at 1252 n.4; *cf. Lowenbraun v. Canary* (*In re Lowenbraun*), 453 F.3d 314, 321 (6th Cir. 2006) (holding that the *Barton* Doctrine "applies to trustees' counsel as well as to trustees themselves"). In *Carter*, we explained that the *Barton* doctrine helps to ensure the proper functioning of the bankruptcy process:

> If [the trustee] is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded.... Without the requirement [of leave], trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees.  Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive.... Furthermore, requiring that leave to sue be sought enables bankruptcy judges to monitor the work of the trustees more effectively.

> *Carter*, 220 F.3d at 1252-53 (alteration in original) (quoting *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998)).

*Lawrence*, 573 F.3d at 1269 (emphasis added).

In affirming the district court's decision that it lacked subject matter jurisdiction due to the *Barton* doctrine in *Lawrence*, the Eleventh Circuit first rejected the plaintiff's contention that it should not have applied to all of the defendants. Instead, the Eleventh Circuit found that because the lawsuit "concerned actions taken [by the trustee and other defendants] in their official [bankruptcy] capacities" and, with respect to the creditor defendants sued, involved allegations that "they breached their official fiduciary duties to the Trustee and the bankruptcy court[,]" *Barton* did appropriately extend to all the defendants.  573 F.3d at 1270.

Secondarily, the Eleventh Circuit was not persuaded that the plaintiff's lawsuit was "unrelated to his bankruptcy proceeding."  *Id.*  As the Eleventh Circuit reasoned:

> Bankruptcy courts have jurisdiction to hear "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11," upon referral by a district court. 28 U.S.C. § 157(a) (2006). "'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code. The 'arising in a case under' category is generally thought to involve administrative-type matters...." *Cont'l Nat'l Bank of Miami v. Sanchez* (*In re Toledo*), 170 F.3d 1340, 1345 (11th Cir. 1999) (citations omitted). We have adopted the following guidelines for determining whether a civil proceeding is "related to" a bankruptcy proceeding:

>> The ... test for determining whether a civil proceeding is

related to bankruptcy is <u>whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy</u>.  <u>The proceeding need not necessarily be against the debtor or against the debtor's property</u>.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Miller v. Kemira, Inc.* (*In re Lemco Gypsum, Inc.*), 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

Although Lawrence raises claims under a variety of state and federal laws, the essence of Lawrence's complaint is that the Trustee and the other defendants colluded to enforce the Turn Over Order, an order of the bankruptcy court, and otherwise unlawfully attempted to bring assets into the bankruptcy estate. <u>The outcome of Lawrence's civil suit clearly could have an effect on the handling and administration of his bankruptcy estate</u>. All of Lawrence's civil claims fall within the scope of the *Barton* doctrine because they are "related to" his bankruptcy proceeding.

*Lawrence*, 573 F.3d at 1271-72 (emphasis added).

## 2.   **Does *Barton* Apply Here?**

In responding to Mr. Pogue's *Barton* challenge, the Helmer Parties maintain:

Pogue's attempt to extend the *Barton* doctrine to shield the debtor from liability for his own torts is contrary to the plain meaning of the doctrine and the 11th Circuit cases adopting it.  From *Barton v. Barbour*, 104 U.S. 126 (1881), "the general rule has arisen that 'before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained.'"  Applying this rule, the 11th Circuit held that "a debtor must obtain leave of the bankruptcy court before initiating

13

> an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity."
>
> Pogue is not a court-appointed officer or a Trustee.  In fact, the Bankruptcy Court appointed a Liquidation Trustee to administer Pogue's estate.  The *Barton* doctrine does not prevent a debtor from facing liability for his own tortious conduct, and it has no application in this suit against Pogue.

(Doc. 16 at 14-15).[5]

The Eleventh Circuit has never expressly addressed whether the *Barton* doctrine is applicable when a defendant, who is being sued for allegedly tortious misconduct like Mr. Pogue, is also a debtor-in-possession.  Therefore, this court now endeavors to answer this open question.

The court has studied the numerous decisions relied upon Mr. Pogue in his efforts to invoke the *Barton* doctrine here.  In one such case, *In re McKenzie*, No. 08–16378, 2012 WL 1115981 (Bankr. E.D. Tenn. Mar. 30, 2012), the bankruptcy court addressed whether the filing of a malicious prosecution and abuse of process action by a law firm against a bankruptcy trustee, debtor, and/or their counsel (stemming from an earlier malpractice lawsuit that they had brought against that law firm) without the prior approval of the bankruptcy court was in contravention of the

---

[5]   The page references to Doc. 16 correspond to the CM/ECF numbering system.

*Barton* doctrine.  *McKenzie*, 2012 WL 1115981, at  *1, *6.

Relying upon *In re DeLorean Motor Co.*, 991 F.2d 1236 (6th Cir. 1993), the bankruptcy court stated that  "[a]ny party wishing to file a cause of action against a trustee must file a motion in the appointing court for leave to sue the trustee in a court other than the court which appointed the trustee."  *McKenzie*, 2012 WL 1115981, at *5.  The court further observed the "well settled" nature of this rule.  *Id.* (internal quotation marks omitted).

The law firm argued unsuccessfully "that leave is not required where a party is suing a trustee for damages caused by an intentional tort or for seizing the property of a party other than the debtor or the estate as noted in *Barton*."  *McKenzie*, 2012 WL 1115981, at *6. While the bankruptcy court determined that the law firm's malicious prosecution lawsuit against the trustee "was a violation of the *Barton* Doctrine[,]" *id.*, later in the opinion, the court stated that the law firm "was not required to obtain leave of this court to sue the Debtor."  *Id.* at *11.  However, in *McKenzie*, the debtor, in contrast to Mr. Pogue, was not a debtor-in-possession.

Mr. Pogue also cites to *In re Crown Vantage, Inc.*, 421 F.3d 963 (9th Cir. 2005) as supporting authority.  (Doc. 15 at 15).  As the Ninth Circuit framed the initial issue in *Crown*:

The first question presented by this case is whether, and to what

15

> extent, a bankruptcy court-appointed trustee of a liquidating trust may
> be sued in a foreign jurisdiction without permission of the court
> appointing the trustee.

*Crown*, 421 F.3d at 970.  In answering this question, the Ninth Circuit, referencing

the *Barton* doctrine, "join[ed]. . . sister circuits in holding that a party must first

obtain leave of the bankruptcy court before it initiates an action in another forum

against a bankruptcy trustee or other officer appointed by the bankruptcy court for

acts done in the officer's official capacity."  *Id.*

While *Crown* did not involve a debtor-in-possession, it did address the issue

of whether a liquidating trustee should be afforded the same protections as a

bankruptcy trustee.  As the Ninth Circuit explained why the *Barton* doctrine should

extend to the liquidating trustee:

> [T]he fact that the officer involved is not a bankruptcy trustee, but rather
> a liquidating trustee, is of no moment.  As the Sixth Circuit has
> observed, under the *Barton* doctrine, "court appointed officers who
> represent the estate are the functional equivalent of a trustee...."
> *DeLorean*, 991 F.2d at 1241.  Here, as part of a liquidating Chapter 11
> reorganization proceeding, the bankruptcy court chose the mechanism
> of a liquidating trust to liquidate and distribute the assets of the estate.
> The bankruptcy court retained jurisdiction over the case.  In this context,
> the Liquidating Trustee is the "functional equivalent" of the bankruptcy
> trustee and is entitled to *Barton* protection.  *Id.*

> Thus, the fact that the bankruptcy assets are now being liquidated
> through the vehicle of a liquidating trust with an appointed liquidating
> trustee does not prevent the application of the *Barton* doctrine.

*Crown*, 421 F.3d at 973 (emphasis added).

Another illustrative case referenced by Mr. Pogue in his initial brief and cited again in his reply brief is *In re Silver Oak Homes, Ltd.*, 167 B.R. 389 (Bankr. D. Md. 1994).  In deciding that the failure of the plaintiffs to obtain permission to sue the president and counsel of a debtor-in-possession created a jurisdictional defect, the bankruptcy court in *Silver Oak* explained:

> 1.  The failure of the plaintiffs to apply to this Court for leave to file the instant lawsuit against the debtor's president and counsel deprived the Circuit Court for Baltimore City of jurisdiction to entertain it, *Barton v. Barbour*, 104 U.S. 126, 26 L. Ed. 672 (1881), for which the plaintiffs may be held in contempt of the stay.  *Baptist Medical Center of New York v. Singh* (*In re Baptist Medical Center* ), 80 B.R. 637, 643 (Bankr. E.D.N.Y. 1987), citing *In re Kish*, 41 B.R. 620 (Bankr. E.D. Mich. 1984).

> 2.  "It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993).

> 3. Under the Bankruptcy Code, a Chapter 11 debtor in possession enjoys the same status as a Chapter 11 bankruptcy trustee, is invested with most of the same powers and is subject to the same fiduciary duties. 11 U.S.C. § 1107(a) (1993). Indeed, as used in  the bankruptcy rules, the word "trustee" includes a Chapter 11 debtor in possession. Fed. R. Bankr. P. 9001(10).

> 4.  "We hold as a matter of law, counsel for trustee, court-appointed officers who represent the estate, are the functional

equivalent of a trustee, where as here, they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets." *DeLorean*, 991 F.2d at 1241.

5. "It is well settled that [a debtor's attorney] cannot be sued in state court without leave of the bankruptcy court for acts done in his official capacity and within his authority as an officer of the Court." *Mangun v. Bartlett* (*In re Balboa Improvements, Ltd.* ), 99 B.R. 966, 970 (9th Cir. BAP 1989), citing *U. and I. Inc. v. Fitzgerald* (*In re Campbell*), 13 B.R. 974, 976 (Bankr. D. Idaho 1981).

*Silver Oak*, 167 B.R. at 394-95 (emphasis added).

The *Silver Oak* court also ruled that § 959(a) did not apply because "counsel to the debtor in possession, and . . . president of the debtor in possession, [we]re being sued for their alleged acts and omissions in the liquidation of the assets of the bankruptcy estate as opposed to the operation of the debtor's business." *Silver Oak*, 167 B.R. at 395.

Similar to *Silver Oak*, in an unpublished decision issued by the United States Court of Appeals for the Fourth Circuit referenced on reply by Mr. Pogue, the court addressed whether the *Barton* doctrine applied to the plaintiffs' negligent misrepresentation and constructive fraud lawsuit filed against the general partner of the company debtor-in-possession. *Gordon v. Nick*, 162 F.3d 1155 (Table of Decisions Without Reported Opinions), No. 96-1858, 1998 WL 559734, at *1 (4th

18

Cir. Sept. 2, 1998).[6]   The plaintiffs' claims in *Gordon* stemmed from "operating reports and financial statements [filed] in the bankruptcy court [by the debtor-in-possession]" that plaintiffs maintained proved to be misleading.   *Gordon*, 1998 WL 559734, at *1.

In agreeing with the district court that the plaintiffs needed to obtain pre-approval from the bankruptcy court before bringing suit, an unpublished panel of the Fourth Circuit reasoned:

> In *Barton v. Barbour*, 104 U.S. 126, 26 L. Ed. 672 (1881), the Supreme Court held that a trustee cannot be sued without leave of the bankruptcy court.  This holding, generally referred to as the "*Barton* doctrine," prohibits a party from suing a trustee in a non-appointing court for acts done in the official capacity of the trustee and within the trustee's authority as an officer of the court. The *Barton* doctrine protects not only the trustee, but also other court-appointed officers who represent the bankruptcy estate, including the attorney of the trustee. *See Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240-41 (6th Cir. 1993) ("It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a nonappointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court .... counsel for trustee, court appointed officers who represent the estate, are the functional equivalent of a trustee."); *see also Mangun v. Bartlett* (*In re Balboa Improvements, Ltd.*), 99 B.R. 966, 970 (B.A.P. 9th Cir. 1989) (holding that permission to sue debtor's attorney for alleged misconduct in the administration of an estate must be obtained from the bankruptcy court). We agree with the district court's conclusion that the

---

[6] The plaintiffs' action originally included other defendants, but on appeal they were all jointly dismissed, leaving the managing partner as the sole defendant. *Gordon*, 1988 WL 559734, at *1 n.*.

doctrine is applicable to suits against the debtor's managing partner.

*Gordon*, 1998 WL 559734, at *2 (emphasis added).

The *Gordon* court also concluded that the § 959(a) exception to the *Barton* doctrine did not apply because the defendant's "conduct did not arise out of acts or transactions in carrying on the business of [the debtor-in-possession]." *Gordon*, 1998 WL 559734, at *2.  Thus, *Gordon* stands for the proposition that a plaintiff must obtain prior permission from the bankruptcy court when suing an agent of a debtor-in-possession for his actions done in furtherance of the debtor's bankruptcy.

Mr. Pogue also points to *In re General Growth Properties, Inc.*, 426 B.R. 71 (Bankr. S.D.N.Y. 2010) in his reply.  *General Growth* involved a debtors' motion "to enforce the automatic stay . . . and for contempt sanctions against . . . a shareholder . . . . in response to the filing of a class and derivative complaint for breach of fiduciary duty" against the debtors by the shareholder in state court.  426 B.R. at 73.

As part of its decision to grant the debtors' motion, the bankruptcy court reasoned:

> Under the circumstances of this case, an action against the Board, whose members act as officers of the court, implicates the *Barton* doctrine. Under the doctrine of *Barton v. Barbour*, 104 U.S. 126, 26 L. Ed. 672 (1881), "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity."  *Beck v. Fort James Corp. (In re Crown*

*Vantage, Inc.*), 421 F.3d 963, 970 (9th Cir. 2005); *see also Lebovits v. Scheffel* (*In re Lehal Realty Assocs.*), 101 F.3d 272, 276 (2d Cir. 1996); *Muratore v. Darr*, 375 F.3d 140, 147 (1st Cir.2004); Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000); *In re Linton*, 136 F.3d 544, 546 (7th Cir. 1998); *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir.1993). <u>The doctrine protects any fiduciary of the estate, including a debtor-in-possession, as "[i]t is well settled that such fiduciary cannot be sued in state court without leave of the bankruptcy court for acts done in his official capacity and within his authority as an officer of the court.</u>" *In re Balboa Improvements, Ltd.*, 99 B.R. 966, 970 (9th Cir. BAP 1989) (debtor-in-possession case); *see also In re Noakes*, 104 B.R. 323, 326 n.5 (Bankr. D. Mont. 1989); *In re Campbell*, 13 B.R. 974, 976 (Bankr. D. Idaho 1981). Under the *Barton* doctrine, since Plaintiff had not obtained leave of this Court before filing the Complaint, "[t]he only appropriate remedy, therefore, is to order cessation of the improper action." *Beck*, 421 F.3d at 970; *see also Jasmine Networks, Inc. v. Marvell Semiconductor, Inc.*, 2006 WL 3392062, 2006 Bankr. LEXIS 3269 (Bankr. N.D. Cal. Nov. 20, 2006).

*General Growth*, 426 B.R. at 74-75 (footnote omitted) (emphasis added).

The *General Growth* court further noted:

By statute, with exceptions not relevant here, "a debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter...." 11 U.S.C. § 1107(a); *see also United Shipyards, Inc. v. Hoey*, 131 F.2d 525, 527 (2d Cir.1942); *In re Wil–Low Cafeterias*, 111 F.2d 83, 84 (2d Cir.1940) ("A debtor continued in possession by court order is a court officer analogous to a receiver or trustee.").

*General Growth*, 426 B.R. at 75 n.1; *see also In re Fordu*, 201 F.3d 693, 707 n.18

(6th Cir. 1999) ("The duties and responsibilities of either a Chapter 11 trustee or

debtor-in-possession as a fiduciary for the bankruptcy estate are virtually the same as

21

those imposed on a Chapter 7 trustee." (citing 11 U.S.C. § 704 in comparison with 11 U.S.C. §§ 1106(a) and 1107(a))); *cf.* 28 U.S.C. § 959(a) (statutory exception to *Barton* rule expressly covers "[t]rustees, receivers or managers of any property, including debtors in possession") (emphasis added).   The statute's inclusion of debtors-in-possession  makes no sense if the *Barton* doctrine does not extend to someone like Mr. Pogue.

Similar to *General Growth*, in *In re J.S. II, L.L.C.*, 389 B.R. 570 (Bankr. N.D. Ill. 2008), the bankruptcy court there explained:

> The *Barton* doctrine, first announced by the Supreme Court in *Barton v. Barbour*, provides that a trustee of a bankruptcy estate is a statutory successor to the equity receiver and that a receiver cannot be sued without leave of the court appointing him. *Barton v. Barbour*, 104 U.S. 126, 128–29, 26 L. Ed. 672 (1881). Since the bankruptcy court appoints the trustee that administers property of the estate that is under the control of the bankruptcy court pursuant to the bankruptcy code, the trustee is essentially an agent of the court. *Matter of Linton*, 136 F.3d 544, 545 (7th Cir.1998). Therefore, under the *Barton* doctrine, leave from the appointing court is required before filing suit against a trustee for acts done within the trustee's administrative capacity. *Id.* Further, the *Barton* doctrine bars suits against the trustee in the appointing court as well as a foreign forum, such as a state court. *In re marchFIRST, Inc.*, 378 B.R. 563, 566–67 (Bankr. N.D. Ill. 2007) (Schwartz, J.). A debtor-in-possession enjoys the same rights and protections as a bankruptcy trustee. 11 U.S.C. § 1107(a); *Precision Industries v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 545 (7th Cir. 2003). <u>Without prior court approval for suits against a trustee (or a debtor-in-possession, as in this case), a trustee would face the burden of defending the suit and the threat of distraction, raising the concern that it would be more difficult to appoint a trustee because the appointment would be less</u>

22

<u>appealing or more costly</u>.  *See marchFIRST*, 378 B.R. at 567 (addressing these same concerns that were raised in *Linton*).

*J.S. II*, 389 B.R. at 583 (emphasis added); *see also In re Allnutt*, 220 B.R. 871, 888 (Bankr. D. Md. 1998) ("No suit may be brought in a state court against a trustee or counsel to a debtor in possession for alleged misconduct in liquidating assets of a bankruptcy estate without leave of the bankruptcy court."); *In re Jasmine Networks, Inc.*, No. 02–54815–MM, 2006 WL 3392062, at *2 (Bankr. N.D. Cal. Nov. 20, 2006) (recognizing that *Barton* rule "extends beyond trustees to other persons appointed by the bankruptcy court, like debtors-in-possession and their court-approved counsel")

The bankruptcy court ultimately decided in *J.S. II*, that events "occurr[ing] pre-petition and not during the administration of the bankruptcy estate" would not be barred by the *Barton* doctrine but that claims tied to acts taking place after the bankruptcy filing date of March 5, 2007, would be.[7] *J.S. II*, 389 B.R. at 584.

Having studied the collection of cases relied upon by Mr. Pogue, and in the absence of any authority cited by the Helmer Parties to the contrary, this court is persuaded to hold that, by virtue of an extension of the *Barton* doctrine to Mr. Pogue, as a debtor-in-possession (*i.e.*, "the functional equivalent of a trustee," *DeLorean*, 991

---

[7]  In their lawsuit, the Helmer Parties do not claim that they are challenging actions taken by Mr. Pogue pre-petition or before he became the debtor-in-possession.

F.2d at 1241), this court lacks subject matter jurisdiction to hear the Helmer Parties' claims.  In sum, and consistent with the Eleventh Circuit's reasoning in *Carter*, the statutory exception to the *Barton* doctrine, *i.e.*, § 959(a), does not apply because the Helmer Parties' claims directly relate to Mr. Pogue's handling of his bankruptcy estate, as a debtor-in-possession.  As a result, akin to the comparable case of *McKenzie*, and as bolstered by the decisions of *Carter*, *Lawerence*, *Silver Oak*, *Gordon*, *General Growth*, and others, the court lacks subject matter jurisdiction because the Helmer Parties have not obtained the appropriate permission from the Bankruptcy Court to proceed against Mr. Pogue in this venue for his actions taken as a debtor-in-possession in conjunction with the Helmer Parties AP.

### B.    The Remainder of Mr. Pogue's Motion

Because the court concludes that the Helmer Parties' lawsuit is due to be dismissed without prejudice for lack of subject matter jurisdiction, it does not reach the other grounds raised by Mr. Pogue in support of dismissal.  Accordingly,  the remainder of Mr. Pogue's Motion is due to be termed as moot.

### V.    CONCLUSION

Therefore, based upon the foregoing, the Motion is due to be granted for lack of subject matter jurisdiction, and is otherwise due to be termed as moot.  Further, this lawsuit is due to be dismissed without prejudice.  The court will enter a separate order

24

consistent with this memorandum opinion.

      **DONE** and **ORDERED** this the 22nd day of October, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge